TIMOTHY MCLAUGHLIN on behalf of )
Himself and others similarly )
situated, )
                                        )
                Plaintiff,              )
                                        )
        v.                              ) Civil Action No. 10-1406
                                        )
PHELAN HALLINAN & SCHIMEG, LLP., )
LAWRENCE T. PHELAN, FRANCIS S. )
HALLINAN, AND ROSEMARIE DIAMOND, )
                                        )
                Defendants.             )

## MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                      April  /5 , 2011

        This is a class action lawsuit.  Plaintiff, Timothy

McLaughlin, on behalf of himself and all similarly situated debtors

residing in Pennsylvania, brings this action pursuant to the Fair

Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) ("FDCPA")

against defendant law firm, Phelan, Hallinan & Schimeg, LLP. and

individual defendants, Lawrence Phelan, Francis Hallinan, and

Rosemarie Diamond (collectively "Defendants").  Defendants own and

operate a debt collection law firm who purchased McLaughlin's

default mortgage loan from CitiMortgage, Inc. ("CitiMortgage").

McLaughlin alleges that defendants violated the FDCPA by using

false, deceptive, or misleading representations in connection with

the collection of his and the other class members' debts.

        Before the court is defendants' motion to dismiss [Doc.

No. 11]. For the reasons set forth below, the motion will be
granted, without prejudice.

I.    BACKGROUND

      In October, 2005, McLaughlin executed an adjustable rate
note in the amount of $325,000 in favor of CitiMortgage. This note
was secured by McLaughlin's home. McLaughlin fell behind on his
mortgage payments to CitiMortgage, in part due to property tax
payments that were not escrowed and paid by CitiMortgage. On May
18, 2010, McLaughlin disputed the debt and sent a request for
information to CitiMortgage which included a complete payment
history, a breakdown of the current escrow charge, a copy of the
annual escrow statement and a breakdown of the claimed arrears.
McLaughlin contends that CitiMortgage did not respond to his
requests and instead placed his account into collections.

      On June 7, 2010, defendants sent McLaughlin a letter
stating that they were debt collectors and were attempting to
collect a debt from McLaughlin. The letter was on defendants'
letterhead and listed the amount claimed due and owing on the
CitiMortgage loan and informed McLaughlin that a foreclosure action
was forthcoming. The letter provided McLaughlin 30 days to dispute
the debt.

      The letter additionally stated that the foreclosure
judgment would not be entered against McLaughlin "for a period of

                              2

30 days after service of the [foreclosure] complaint to assure [his] opportunity to dispute the validity of the debt." [Doc. No. 16, Ex. 1]. The letter also stated "if you previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but only enforcement of a lien against property." [Id.]. The letter was signed "Very Truly Yours, Phelan Hallinan and Schmieg LLP." [Id.]. The letter was not signed by an individual attorney. McLaughlin did not respond to the notice and instead filed the instant suit in October, 2010.

McLaughlin contends defendants violated the FDCPA validation notice requirements by: 1) affixing a generic signature on the letter, suggesting that an actual attorney was not involved in the drafting of the letter; and 2) purporting to have performed legal services, such as reviewing the file and drafting the dunning letter, when no attorney actually performed such work.

Defendants have filed a motion to dismiss the class action. They contend that McLaughlin, a class representative, is making conclusory allegations against them without any supporting facts. Defendants purport that their letter was a validation notice under the FDCPA. Defendants also assert that the FDCPA sets forth a detailed procedure for disputing the validity of a debt and defendants complied with that procedure. Under this procedure, defendants contend that if the letter itself gives the debtor an

3

opportunity to challenge and seek validation of the debt, there is no duty to review the file until after the debtor disputes the debt.

## II. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1950 (quoting Twombly, 550 U.S. at 555).

4

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we must conduct a three-step inquiry. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, we must "take note of the elements a plaintiff must plead to state a claim." Id.' Iqbal, 129 S.Ct. at 1947. Next, we must identify the allegations that "are no more than conclusions [and] are not entitled to the assumption of truth." Id.; Iqbal, 129 S.Ct. 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and determine whether they plausibly give rise to an entitlement of relief." Id.

Moreover, plaintiff cannot prevent a court from looking at the text of the documents on which its claim is based by failing to attach or explicitly cite them. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). In addition, a defendant may submit an indisputably authentic [document] to the court to be considered on a motion to dismiss. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004).

We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff

could, upon a trial, establish a case that would entitle him to
relief, the motion to dismiss should not be granted.  Id. at 563
n.8.

It is on this standard that the court has reviewed
defendants' motion to dismiss.  Based on the pleadings of record
and the briefs filed in support of and in opposition to the motion,
the court is persuaded that dismissal, without prejudice, is
appropriate at this time.

III.    DISCUSSION

The FDCPA seeks to "eliminate abusive debt collection
practices by debt collectors, to insure that those debt collectors
who refrain from using abusive debt collection practices are not
competitively disadvantaged, and to promote consistent State action
to protect consumers against debt collection abuses."  Harlan v.
NRA Group, LLC., 2011 WL 500024, at *2 (E.D. Pa. Feb. 9, 2011).
Specifically, the FDCPA requires "a debt collector not to use any
false, deceptive or misleading representation or means in
connection with the collection of any debt."  Lesher v. Law Office
of Mitchell N. Kay, P.C., 724 F.Supp.2d 503, 505-506 (M.D. Pa.
2010) (citing 15 U.S.C. § 1692e).  Section 1692e sets forth sixteen
specific kinds of prohibited false representations, including
"[t]he false representation or implication that any individual is

6

an attorney or that any communication is from an attorney." 15
U.S.C. § 1692e(3).

In regard to a communication with a debtor concerning the
collection of a debt, Section 1692g(a) of the Act requires that
debt collectors send a consumer a written "validation notice,"
either in an initial collection notice or within five days of that
notice, that informs the consumer of her right to dispute the
validity of the debt, the time frame for doing so, and the debt
collector's obligations to verify the debt if it is disputed. 15
U.S.C. § 1692g(a). However, "[w]hether a validation notice
complies with Section 1692g or is false, misleading or deceptive
under Section 1692e is evaluated from the perspective of 'the least
sophisticated debtor' rather than from that of a reasonable
debtor." Harlan, 2011 WL 500024, at * 2. This standard "protects
both the 'gullible and the shrewd' without permitting 'bizarre and
idiosyncratic' interpretations of the notice or relieving the
'willfully blind or non-observant' of their responsibilities to
carefully review collection notices." Id.

In the present case, there is no question that the letter
defendants' sent to McLaughlin was a validation notice as defined
by Section 1692g(a). The letter defendants sent to McLaughlin
appears on defendant law firm's letterhead and defendant law firm
acknowledged in the body of the letter that they were a debt
collector and were collecting a debt from McLaughlin. The letter

7

delineated specific information from Mclaughlin's loan file, including the amount of the debt, that CitiMortgage was the creditor to whom the debt was owed, and provided a procedure for McLaughlin to dispute the debt collection within 30 days. The letter also indicated that a foreclosure action would be filed but a judgment would not be entered until 30 days had passed to give McLaughlin the allotted time to dispute the debt. The letter also stated that if McLaughlin disputed the debt, that they would obtain and provide him verification of the debt by mail. Thus, the notice sent by defendants was a lawful validation notice under the FDCPA.

Likewise, McLaughlin did not aver in his complaint that he availed himself of the statutory procedure outlined in the validation notice and under Section 1692g of the FDCPA, which requires him to dispute the debt within 30 days of the notice. When and until McLaughlin contends that he disputed the debt after he reviewed the validation notice, McLaughlin is barred from commencing suit under the FDCPA based upon the validation notice. See Jang v. A.M. Miller & Assocs., 122 F.3d 480, 483-84 (7th Cir. 1997).

Even if we were to consider McLaughlin eligible to bring suit under the FDCPA, McLaughlin has failed to sufficiently plead facts that would allow the court to draw the reasonable inference that defendants are liable for failing to review the validation notice and the file before sending the validation notice to

McLaughlin. While the Court of Appeals for the Third Circuit has not yet evaluated which types of collection letters convey an impression of attorney review, other circuits have found that "the combined effect of the signature and letterhead implies that an attorney has reached a professional judgment that the debt is legally effective." Clomon v. Jackson, 988 F.2d 1314, 1321 (2d Cir. 1993).

Moreover, courts have declined to establish "any concrete amount of time an attorney must dedicate to an account when representing [that] the account received an attorney's attention." Martsolf v. JBC Legal Group, P.C., No. Civ. A. 04-1346, 2008 WL 275719 at *8 (M.D. Pa. January 30, 2008) (citing Bezpalko v. Gilfillan, Gilpin & Brehman, No. Civ. A. 97-4923, 1998 WL 321268, at *8 (E.D. Pa. June 17, 1998)(citations omitted)). Courts only require that a review of the loan file "must permit the attorney to form a professional opinion about whether the debt is potentially viable, barred by the statute of limitations, uncollectable due to the debtor's bankruptcy, and to evaluate similar legal considerations." Id.

In the present case, the surrounding facts allows the court to make a reasonable inference that the validation notice and file were reviewed by an attorney. First, McLaughlin contends in his complaint that defendants did not review the letter or file because his debt was allegedly invalid. This contention, without

more, cannot form the basis of a fraudulent or deceptive practices lawsuit under the FDCPA, see Jang v. A.M. Miller & Assocs., 122 F.3d 480, 483-83 (7th Cir. 1997), particularly when defendants drafted and sent plaintiff a letter in the manner required by the FDCPA and McLaughlin subsequently did not dispute the debt.

Second, it may also be inferred that an attorney reviewed McLaughlin's validation notice when the defendants informed McLaughlin in the letter on how to proceed if he previously discharged the debt in bankruptcy [See Doc. No. 16, Ex. 1]. Such a statement shows an attempt by defendant to form their professional opinion on the nature of the debt and provides a reasonable basis to conclude that the language of the letter had been reviewed by an attorney.

Lastly, McLaughlin contends that only having the law firm's name as the signature signifies that an individual attorney did not review the file. While it is true the signature conveys that an attorney from that firm evaluated the debt, See Rosenau v. Unifund Corp., F.3d 218, 224 (3d Cir. 2008), a signature is not required. "Simply a letter sent on law firm letterhead, standing alone ... represent[s] a level of attorney involvement to the debtor receiving the letter." Greco v. Trauner, Cohen & Thomas, LLP, 412 F.3d 360, 364 (2d Cir. 2005) (citations omitted). Here, McLaughlin's validation notice appears on defendant law firm's letterhead. Moreover, despite a signature not being required for a

10

validation notice to be lawful, defendants signed the notice "Very Truly Yours, Phelan Hallinan and Schmieg LLP," representing that attorneys from their law firm were involved in evaluating the debt.

IV.     CONCLUSION

For the foregoing reasons, we hold that the motion to dismiss will be granted in its entirety, without prejudice.   Mr. McLaughlin, as class representative, has failed to sufficiently plead facts in support of his and the other class members' claim under the FDCPA.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY MCLAUGHLIN on behalf of          )
Himself and others similarly            )
situated,                               )
                                        )
                    Plaintiff,          )
                                        )
            v.                          )  Civil Action No. 10-1406
                                        )
PHELAN HALLINAN & SCHIMEG, LLP.,        )
LAWRENCE T. PHELAN, FRANCIS S.          )
HALLINAN, AND ROSEMARIE DIAMOND,        )
                                        )
                    Defendants.         )

ORDER

AND NOW, this 15 day of April, 2011, upon consideration

of defendants' motion to dismiss and plaintiff's response thereto,

IT IS HEREBY ORDERED THAT defendants' motion to dismiss [doc. no.

11] is GRANTED without prejudice to plaintiff's right to amend his

complaint within fourteen (14) days from the date of this Order.

BY THE COURT:

_____, C. J.

cc:      All Counsel of Record