IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY MCLAUGHLIN on behalf of himself and others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 10-1406 ) |
| PHELAN HALLINAN & SCHMIEG, LLP., LAWRENCE T. PHELAN, FRANCIS S. HALLINAN, DANIEL G. SCHMIEG AND ROSEMARIE DIAMOND, | ) ) ) ) ) ) |
| Defendants. | ) |

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                            September __, 2011

  This is a class action lawsuit. Plaintiff, Timothy McLaughlin, on behalf of himself and all similarly situated debtors residing in Pennsylvania, brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), against defendant law firm, Phelan, Hallinan & Schmieg, LLP., and individual defendants, Lawrence Phelan, Francis Hallinan, Daniel G. Schmieg, and Rosemarie Diamond (collectively "defendants"). Defendants own and operate a debt collection law firm and purchased McLaughlin's default mortgage loan from CitiMortgage, Inc. ("CitiMortgage").

  On October 22, 2010, plaintiff filed a complaint alleging that defendants violated the FDCPA by using false, deceptive, or misleading representations in connection with the collection of his

and other class members' debts.

On November 19, 2010, defendants filed a motion to dismiss plaintiff's FDCPA claim on the grounds that plaintiff did not dispute the debt within the statutory time frame. This court granted defendants' motion to dismiss on April 17, 2011 [Doc. No. 36]. The court found that plaintiff failed to state a claim upon which relief could be granted. It further stated that based upon plaintiff's allegations, the validation letter sent by the defendants was valid under the statute, and plaintiff had not followed proper statutory procedure in disputing the debt. The court gave plaintiff leave to amend his complaint.

On April 29, 2011, plaintiff filed a First Amended Complaint[1], alleging that defendants violated the FDCPA validation notice requirements by, inter alia: 1) deliberately misstating the amount of the debt; 2) seeking payment for fees and costs that were never incurred; 3) seeking payment for items prohibited by the underlying loan documents and applicable law; and 4) falsely implying that an attorney drafted the letter and reviewed McLaughlin's file when in actuality no attorney performed the work.

---

[1] In addressing defendants' motion to dismiss, the Court must accept as true the allegations contained in plaintiff's First Amended Complaint and . . . "construe disputed facts in favor of the plaintiff." See e.g., Dayhoff, Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from the First Amended Complaint unless otherwise indicated and do not represent this court's factual findings. See Morgan v. Hanna Holdings, Inc., 635 F.Supp.2d 404, 407 (W.D. Pa. 2009).

Plaintiff further contends that based upon deposition testimony of Francis S. Hallinan in an unrelated case, as well as testimony from a former, unidentified, non-lawyer PHS employee, defendants believe the following:

- the large workload far outpaced the abilities of the limited number of attorneys employed by PHS;
- volume and quick turnaround were the two main driving forces of PHS;
- support staff routinely affixed attorney signatures to documents never reviewed by attorneys;
- pleadings were drafted by support staff and signed by attorneys without the attorneys actually reviewing the pleadings.

[Doc. No. 43].

Before the court is defendants' motion to dismiss plaintiff's First Amended Complaint [Doc. No. 39]. For the reasons set forth below, the motion will be denied.

I. BACKGROUND

Readers are referred to the previous Memorandum filed by the court addressing defendants' motion to dismiss plaintiff's original complaint [Doc. No. 36]. The memorandum contains the relevant background facts. We will not reproduce them here.

II. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the

heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1950 (quoting Twombly, 550 U.S. at 555).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we must conduct a three-step inquiry. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, we must "take note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 129 S.Ct. at 1947). Next, we must identify the allegations that "are no more than conclusions [and] are not entitled to the assumption of truth." Id.; Iqbal, 129

S.Ct. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id.

We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 563 n.8.

It is on this standard that the court has reviewed defendants' motion to dismiss and plaintiff's response thereto. Based on the pleadings of record and the briefs filed in support of and in opposition to the motion, the court is persuaded that dismissal of plaintiff's amended complaint is inappropriate at this time.

III.   DISCUSSION

McLaughlin's amended complaint includes specific allegations of fraud and false misrepresentation. Defendants

contend that the allegations related to misstating the amount of the debt and intentionally assessing inaccurate fees due to lack of attorney review are irrelevant. Defendants assert that there was no demand for verification of the debt mailed to PHS in response to the validation notice. They further contend that information in the validation notice cannot be the basis of an FDCPA lawsuit against a debt collector.

The FDCPA seeks to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Harlan v. NRA Group, LLC., No. 10-cv-0324, 2011 WL 500024, at *2 (E.D. Pa. Feb. 9, 2011)(quoting 15 U.S.C. § 1692). Specifically, the FDCPA requires "a debt collector not to use any false, deceptive or misleading representation or means in connection with the collection of any debt." Lesher v. Law Office of Mitchell N. Kay, P.C., 724 F.Supp.2d 503, 505-506 (M.D. Pa. 2010) (citing 15 U.S.C. § 1692e). Section 1692e sets forth sixteen specific kinds of prohibited false representations, including "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

In regard to a communication with a debtor concerning the collection of a debt, Section 1692g(a) of the Act requires that

debt collectors send a consumer a written "validation notice," either in an initial collection notice or within five days of that notice, that informs the consumer of [his or] her right to dispute the validity of the debt, the time frame for doing so, and the debt collector's obligations to verify the debt if it is disputed. 15 U.S.C. § 1692g(a).

In the present case, we previously decided that defendants' sent the plaintiff a validation letter as prescribed by the statute. Applying the "least sophisticated debtor" standard, it is clear that the letter was on law firm letterhead and that defendants acknowledged in the body of the letter that they were a debt collector and were collecting a debt from McLaughlin. The letter delineated specific information from McLaughlin's loan file, including the amount of the debt, that CitiMortgage was the creditor to whom the debt was owed, and a procedure for McLaughlin to dispute the debt collection within 30 days.

However, despite the validation letter being on law firm letterhead, the additional facts plaintiff stated in his First Amended Complaint provide a valid cause of action under the FDCPA.

Section 1692e sets forth sixteen specific kinds of prohibited false representations, including "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). Plaintiff avers that the letter could not have been reviewed by an

individual attorney from PHS. They further contend that the support staff drafted pleadings and routinely affixed attorney signatures to documents never reviewed by attorneys. They also aver that attorneys signed letters and pleadings without actually reviewing the file. Moreover, the validation letter was signed "Very Truly Yours, Phelan Hallinan and Schmieg LLP" and was not signed by an individual attorney. See Lesher v. Law Offices Of Mitchell N. Kay, PC, --- F.3d ----, 2011 WL 2450964 (3d Cir. June 21, 2011)(citing Rosenau v. Unifund Corp., 539 F.3d 218, 223 (3d Cir. 2008). Based upon these allegations, the court concludes that it is premature to dismiss Mclaughlin's claim at this stage without the benefit of discovery.

IV.     CONCLUSION

For the foregoing reasons, we hold that the motion to dismiss must be denied. Mr. McLaughlin, as class representative, has sufficiently pleaded facts under Section 1692 in support of his and the other class members' claim under the FDCPA.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY MCLAUGHLIN on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>PHELAN HALLINAN & SCHMIEG, LLP., LAWRENCE T. PHELAN, FRANCIS S. HALLINAN, DANIEL G. SCHMIEG AND ROSEMARIE DIAMOND,<br><br>        Defendants. | Civil Action No. 10-1406 |

ORDER

AND NOW, this 5th day of September, 2011, upon consideration of defendants' motion to dismiss plaintiff's amended complaint and plaintiff's response thereto, IT IS HEREBY ORDERED THAT defendants' motion to dismiss [Doc. No. 39] is DENIED.

BY THE COURT:

_____, C. J.

cc:   All Counsel of Record