IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY MCLAUGHLIN on behalf of )
himself and others similarly     )
situated,                        )
            Plaintiff,            )
                                 )
        v.                       )  Civil Action No. 10-1406
                                 )
PHELAN HALLINAN & SCHMIEG, LLP., )
LAWRENCE T. PHELAN, FRANCIS S.   )
HALLINAN, DANIEL G. SCHMIEG      )
AND ROSEMARIE DIAMOND,           )
            Defendants.          )

MEMORANDUM ORDER

Gary L. Lancaster,                          December $2\phi$, 2011
Chief Judge

This is a class action under the Fair Debt Collection
Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. During the
post-discovery status conference held on December 19, 2011,
plaintiff requested clarification as to the effect of this
court's Order [Doc. No. 53] denying defendants' motion to
dismiss the amended complaint [Doc. No. 39]. As the court
stated at the conference, plaintiff's only remaining viable
claim is under section 1692e(3), which prohibits the "false
representation or implication that any individual is an attorney
or that any communication is from an attorney."

Plaintiff argued that alleged misrepresentations as to the
amount of debt contained in defendants' debt collection letter
may form the basis for claims under section 1692e generally, and

sections 1692e(2) and (10) specifically. This argument was based on plaintiff's view that the opinion of the United States Court of Appeals for the Third Circuit in Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3d Cir. 2011), stands for the proposition that section 1692e encompasses claims based on any debt collection practice that is false, deceptive, or misleading. See 650 F.3d at 997. While Lesher indicates that a broad category of debt collection practices are prohibited by section 1692e, it does not address claims under sections 1692e(2) or 1692e(10), and does not discharge plaintiff's burden to follow the debt validation procedure required by section 1692g.

In this court's April 15, 2011 memorandum granting defendants' motion to dismiss the original complaint without prejudice [Doc. No. 36], we stated:

When and until McLaughlin contends that he disputed the debt after he reviewed the validation notice, McLaughlin is barred from commencing suit under the FDCPA based upon the validation notice.

[Doc. No. 36 at 8]. Plaintiff did not make such an allegation in the amended complaint. Because the amended complaint fails to allege that plaintiff challenged the validity of the debt under section 1692g, this court's opinions on the motion to dismiss the original complaint and the motion to dismiss the amended complaint [Doc. No. 53], read together, eliminate

2

plaintiff's claims under provisions of the FDCPA other than section 1692e(3).

Furthermore, estimating the amount of attorneys' fees in an itemized debt collection notice does not violate the FDCPA. <u>See</u> <u>Fields v. Wilber Law Firm, P.C.</u>, 383 F.3d 562, 564-66 (7th Cir. 2004) (concluding that unilateral determination of attorneys' fees does not violate FDCPA, but non-itemized statement of debt was misleading). Unlike in <u>Fields</u>, the debt collection letter in this case contained an itemized statement of the debt, with separate line items for, among other things, attorney's fees and costs. Because plaintiff's claims, other than the claim asserted under section 1692e(3), attack the validity and amount of the debt, they are dismissed.

Plaintiff's claim under section 1692e(3) for false representation of attorney review of a debt collection notice is viable. Plaintiff's other claims, however, were and are dismissed. Accordingly, the matter proceeds with respect to plaintiff's section 1692e(3) claim only.

AND NOW, this **20** day of December, 2011, it is HEREBY ORDERED that plaintiff's claims in the amended complaint asserted under 15 U.S.C. § 1692e(2) [Doc. No. 38, ¶ 57(b)-(c)], 15 U.S.C. § 1692f(1) [Doc. No. 38, ¶ 57(d)], and 15 U.S.C. §

1692e(10)  [Doc.  No.  38,  ¶  57(f)[1]],  were  DISMISSED  pursuant  to
this court's September 8, 2011 Order [Doc. No. 53].

BY THE COURT,

_____, C.J

cc:  All Counsel of Record

---

[1] This claim is listed in the amended complaint under a second
paragraph 57(d) due to an apparent typographical error.