IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY MCLAUGHLIN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 10-1406 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| PHELAN HALLINAN & SCHMIEG, ) | |
| LLP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

This case was reassigned to the undersigned on July 30, 2013. *See* ECF entry of same date. Pending before the Court is Plaintiff's Motion for Attorneys' Fees (Doc. 107). Although this case has been appealed on the merits, the Court currently may resolve the attorneys' fees issue. *See* In re Advanced Electronics, Inc., 2008 WL 2600725, *4 (3d Cir. Jun. 30, 2008) ("[a] district court, during the pendency of an appeal[,] is not divested of jurisdiction to determine an application for attorney's fees") (quoting binding Third Circuit authority).

Having carefully considered Defendants' arguments in opposition to an award of attorneys' fees, the Court finds them unpersuasive. Simply put, Defendants knew, or should have known, that the Invoices in question were responsive to Plaintiff's discovery requests, and the Invoices should have been produced sooner than they were. As a result of this omission, the parties and the Court were dragged through a second round of briefing and analysis on summary judgment (where, in fact, the Court's analyses specifically addressed the Invoices in granting summary judgment in Defendants' favor). For these reasons, and for all of the reasons

previously stated in Chief Judge Gary L. Lancaster's well-reasoned decisions, Defendants will be ordered to pay Plaintiff's attorneys' fees.

Furthermore, the Court finds Defendants' objections to the purported "*sua sponte*" nature of Judge Lancaster's decision presently unfounded. Defendants were given notice of Judge Lancaster's ruling; they had an opportunity to respond; and they did in fact respond on the merits in their Brief in Opposition (Doc. 111) to attorneys' fees. The Court has heard Defendants' arguments, found them unpersuasive, and Defendants' *sua sponte* argument is unavailing.

Also unconvincing are Defendants' arguments regarding the reasonableness of Plaintiff's fee requests, *see* Opp'n Br. at 8, at least with respect to the Strassburger law firm. The Strassburger firm has supplied detailed billing records, *see* Doc. 107-1 (attaching same); the Court finds reasonable the hourly rates assessed therein; and the Court finds no reason to second-guess the nature or quantity of the legal services provided. Thus, the attorneys' fees reflected in the Strassburger billing statements, totaling $13,475.50, will be awarded.

The Court agrees with Defendants' unreasonableness challenge, however, to the extent that it relates to the hours billed by the Specter law firm. *See generally* Doc. 107-2. That firm's lawyer, Mr. Manogue, has not sufficiently supported his contention that $650/hour is commensurate with the "market [rate] for class action attorneys with similar experience and credentials." *Compare id.* at ¶ 4 (summarily asserting same) *with, e.g.*, Gaffney v. City of Allentown, 1998 WL 32758, *2 (E.D. Pa. Jan. 7, 1998) ("[t]he party requesting fees bears the burden of substantiating . . . the reasonableness of [the] requested hourly rate") (citation omitted); *cf. also* Ridley v. Costco Wholesale Corp., 2007 WL 328852, *7 (3d Cir. Feb. 5, 2007) (only if and once attorney makes "a *prima facie* case of reasonableness" regarding

community market rate does court lack discretion to make downward adjustment). The Specter firm has not made a *prima facie* showing of reasonableness,[1] and the Court will downwardly adjust Mr. Manogue's rate to $350/hour, an amount already found reasonable in connection with Mr. Kunselman, of the Strassburger firm. *See* discussion *supra*. Thus, the amount of attorneys' fees awarded regarding the Specter firm is 4.5 hours at $350/hour, or $1,575.00. *See* Doc. 107-2 (identifying number of hours billed by Specter firm and explaining services provided).

Consistent with the foregoing, Plaintiff's Motion for Attorneys' Fees (**Doc. 107**) is **GRANTED**, and attorneys' fees are awarded, in favor of Plaintiff and against Defendants, in the amount of $15,050.50 (*i.e.*, $13,475.50 plus $1,575.00).

IT IS SO ORDERED.

August 6, 2013                                  s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] By way of comparison, the lawyer in Ridley "submitted affidavits from two experienced civil . . . practitioners [in the same specialty]," who opined that the rate in question was fair and reasonable for someone of the lawyer's experience. *Id.* at *7. Here, counsel's conclusory and self-serving statements will not suffice. *See* Becker v. ARCO Chem. Co., 15 F. Supp.2d 621, 629-30 (E.D. Pa. Jul. 22, 1998) (holding same).