IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY MCLAUGHLIN, | ) |
| Plaintiff, | ) Civil Action No. 10-1406 |
| v. | ) Judge Cathy Bissoon |
| PHELAN HALLINAN & SCHMIEG, LLP, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Given that Defendants' Petition for Certiorari has been denied, Plaintiff's Motion (**Doc. 129**) to lift the stay and reopen this case is **GRANTED**. Moreover, having carefully reviewed the parties' submissions regarding Plaintiff's class allegations, the Court is constrained to hold that, for the time being, those claims may proceed.

With respect to the class-claims, Plaintiff counsel's approach seems, through the Court's neutral observation, to have been a carefully orchestrated strategy of "rope-a-dope." Nevertheless, there are insufficient grounds for the Court affirmatively to hold that the class claims have been waived through Plaintiff's litigation conduct,[1] nor may the Court afford

---

[1] *See* Pl.'s Br. (Doc. 122) (outlining Plaintiff's various efforts to preserve class claims). Indeed, Plaintiff's preservation efforts continued all the way through oral argument before the Court of Appeals for the Third Circuit. *Cf.* recording of oral argument, available at http://www2.ca3.uscourts.gov/oralargument/audio/13-2015McLaughlinv.Hallinan.wma, at min. 0:03 through 0:05 (identifying case as class action) *and* min. 5:36 to 5:45 (highlighting request for class relief, and asserting that Plaintiff had not yet enjoyed opportunity to take corresponding discovery). Having listened to the oral argument, and read the appellate court's opinion, it seems abundantly clear that the appellate court was aware of the issue, but declined to address it.

"law-of-the-case" treatment to Judge Lancaster's apparent, and seemingly understandable, disinclination to afford class treatment under the circumstances presented.[2]

Thus, despite this case's having been litigated for over four years on an individualized basis, to summary judgment in some respects, and after a merits appeal to the Court of Appeals, the Court currently has no sustainable basis for disallowing Plaintiff's class action allegations. Accordingly, the Court will hold a status conference to schedule appropriate deadlines.[3]

Before so proceeding, however, the Court will order the parties to engage in settlement negotiations. Both sides have expressed their amenability to this approach, and, now that the contours of this litigation, moving forward, have become clearer, it would seem that an amicable resolution may be most beneficial. *See, e.g.*, Defs.' Br. (Doc. 130) at 3 (foreshadowing Defendants' anticipated challenges regarding class claims, including need for individualized review of each member's debt validation notice and FDCPA's limitations on class-recovery); *compare also* discussion *supra* (noting that summary judgment has been finally entered against named Plaintiff in one respect) *with, e.g.*, Pl.'s Br. (Doc. 122) at ¶ 3 (reciting factors considered under Federal Rule 23, including typicality of class representative and adequacy of

---

[2] *Cf., e.g.*, Defs.' Br. (Doc. 126) at 7 n.6 (reporting that, "[i]n an early conference with Judge Lancaster, the Judge discussed his view that this was not a class case, based on the need to look at every individual Validation Notice that would fall within the class").

[3] The Court summarily rejects Defendants' arguments that the Court of Appeals for the Third Circuit remanded a moot case, or that further amendment of Plaintiff's pleadings is necessary. These and Defendant's related arguments are, at bottom, veiled invitations to relitigate issues already decided. *Compare, e.g.*, Defs.' Br. (Doc. 126) at 4 (arguing that, based on scope of issues challenged on appeal, review on remand is limited to *original* Complaint) *with, e.g.*, Defs.' Br. (Doc. 130) at 2 (later asserting that Amended Complaint is "the only operative Complaint before the Court," and suggesting that, based on how appeal unfolded, "there simply is nothing before the [District] Court [to adjudicate]"). Defendants' assertions notwithstanding, the undersigned believes that the implications of the Circuit Court's rulings are clear, they will be applied in a common-sense fashion, and Defendants should understand that their salvation lies not in hypertechnical comparisons and dissections of the pleadings and appeal documents.

2

representation, the latter of which considers potential conflicts of interest between named plaintiffs and the classes they seek to represent).

Consistent with the foregoing, the parties hereby are ORDERED, by **February 18, 2015**, to submit a "Stipulation Selecting ADR Process." *See* form on Court's website. The mode of ADR shall be mediation, and if the parties are unable to agree on a mediator, the Court will select one for them. Persons with full settlement authority (including insurance companies), must be personally present at the mediation, and telephone participation will not be permitted. A person with full settlement authority is not someone who is required to consult with other individuals, by telephone or otherwise, to obtain approval for any proposed settlement term or amount. The mediation shall take place within 45 days of the entry of an order appointing the mediator.

If settlement negotiations are unsuccessful, counsel promptly shall so advise Chambers (412.208.7460), and the Court will enter an order scheduling the status conference described above.

IT IS SO ORDERED.


February 11, 2015                                s\Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge


cc (via ECF email notification):

All Counsel of Record